UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEEPA SONI, M.D.,<br><br>            Plaintiff,<br><br>            v.<br><br>BOSTON MEDICAL CENTER CORP.,<br>BOSTON UNIVERSITY<br>NEUROSURGICAL ASSOCIATES, INC.,<br>BOSTON UNIVERSITY, LARRY CHIN,<br>M.D., and ARTHUR DAY, M.D.<br><br>            Defendants. | Civil Action No. 08-12028-JGD |

**DEFENDANTS' CONSOLIDATED MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE, TO STRIKE**
(Oral Argument Requested)

      Defendants Boston Medical Center Corporation ("BMC"), Boston University Neurosurgical Associates, Inc. ("BUNA"), Trustees of Boston University ("BU"), Lawrence Chin, M.D. ("Dr. Chin" ) and Arthur Day, M.D. ("Dr. Day") (collectively, "Defendants") hereby move to dismiss the Complaint in the above-captioned action.  As grounds therefor, the Defendants rely on their Memorandum of Law in support of this Motion to Dismiss and further state as follows:

      1.     Plaintiff Deepa Soni, M.D. ("Dr. Soni") fails to state a prima facie case as to several of her claims.  In particular, Dr. Soni's count under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h), is fatally flawed for failure to allege that she engaged in protected conduct, that her employer knew of such conduct, or that any adverse action was taken against her as a result.  Her Title VII discrimination and retaliation claims against Drs. Day and Chin must likewise be dismissed because that statute does not provide for individual liability.  Finally, Dr.

862435.1

Soni fails as a matter of law to state a claim for civil conspiracy, and her claims of intentional infliction of emotional distress against BMC, BUNA, BU, and Dr. Chin are barred by the exclusivity provision of the Massachusetts Workers' Compensation Act.

    2.    The Court should dismiss the Complaint in its entirety pursuant to the Colorado River doctrine. That doctrine, set forth by the Supreme Court in <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 836-937 (1976), urges abstention in circumstances where, among other things, proceeding with an action is likely to spawn piecemeal litigation, another court has already obtained jurisdiction over the matter, and the state court forum is adequate to protect the rights of all parties. Here, a Massachusetts Superior Court action concerning the same transactions and occurrences is already well underway. (<u>Boston Medical Center, et al. v. Soni</u>, Suffolk Superior Ct. Civil Action No. 08-2082, initiated May 7, 2008). Requiring litigation to proceed on two tracks will waste judicial resources, create opportunities for inconsistent results and unduly burden the parties. Moreover, Dr. Soni has already acknowledged the adequacy of the state forum by initiating an action alleging similar claims against three of the defendants and later asserting these claims as counterclaims in the pending Superior Court action.

    3.    Dr. Soni's claims against BMC, BUNA, and Dr. Chin should be dismissed for the additional reason that they are all compulsory counterclaims to the pending state court action. Dr. Soni previously asserted some of these counts as counterclaims and later amended her pleading to omit them; her subsequent initiation of this action and attempts to remove the state court action to federal court are indicative of impermissible forum shopping. To allow Dr. Soni's claims in this Court to proceed would eviscerate the state compulsory counterclaim rule and would result in duplicative litigation in multiple forums.

4.     The Court should dismiss Dr. Soni's Complaint for failure to comply with Fed. R. Civ. P. 8(a). The complaint is so overburdened with superfluous, redundant and extraneous allegations, and so imprecise as to any particular defendant's actions, that the defendants are unable to provide the Court with a meaningful response to the plaintiff's claims. The defendants request, in the alternative, that the Court strike those portions of the Complaint that are redundant, immaterial, impertinent or scandalous in nature.[1]

## CONCLUSION

WHEREFORE, defendants Boston Medical Center Corporation, Boston University Neurosurgical Associates, Inc., Trustees of Boston University, Dr. Lawrence Chin, and Dr. Arthur Day respectfully request that the Court dismiss Dr. Soni's Complaint in its entirety, or, in the alternative, strike all redundant, immaterial, impertinent and scandalous allegations therein pursuant to Fed. R. Civ. P. 12(f).

| BOSTON MEDICAL CENTER CORPORATION, BOSTON UNIVERSITY NEUROSURGICAL ASSOCIATES, INC., TRUSTEES OF BOSTON UNIVERSITY and LAWRENCE CHIN, M.D. | ARTHUR DAY, M.D., |
|---|---|
| By their attorneys, | By his attorneys, |
| /s/ David C. Kurtz | /s/ John P. Ryan   (by DCK) |
| Richard D. Glovsky (BBO # 195820) | John P. Ryan (BBO # 435660) |
| David C. Kurtz (BBO # 641380) | John A. Donovan III (BBO # 631110) |
| Amy E. Serino (BBO # 643664) | SLOANE & WALSH, LLP |
| Elizabeth M. Duffy (BBO # 659054) | Three Center Plaza, 8th Floor |
| PRINCE, LOBEL, GLOVSKY & TYE LLP | Boston, MA 02108 |
| 100 Cambridge Street, Suite 2200 | Tel:   (617) 523–6010 |
| Boston, MA 02114 | |
| Tel:  (617) 456-8000 | |
| Fax:  (617) 456-8100 | |

Dated:  January 29, 2009

---

[1] The following paragraphs in the Complaint are amongst those which the Court should strike: 54-58, 62-78, 106, 112-15, 117-19, 125, 180, 186-87, 201, 214, 217-32, 240-42, 277, 291-97 and 317-23.

862435.1                                             3

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I, Amy E. Serino, counsel for defendants Boston Medical Center Corporation, Boston University Neurosurgical Associates, Inc., Trustees of Boston University and Dr. Lawrence Chin, hereby certify in accordance with Local Rule 7.1(A)(2) that I conferred with plaintiff's counsel, Elise A. Brassil, on January 27, 2009, regarding the issues addressed in the foregoing motion to dismiss, and that we attempted in good faith to resolve or narrow the issues addressed herein.

     /s/ Amy E. Serino
Amy E. Serino

## REQUEST FOR ORAL ARGUMENT

In accordance with Local Rule 7.1(D), the defendants hereby request oral argument as they believe it will assist the court in resolving the issues presented by this Motion.

## CERTIFICATE OF SERVICE

I, David C. Kurtz, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

     /s/ David C. Kurtz
David C. Kurtz